RECEIVED
IN MONROE, LA

JUN 2 3 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| DAVID MARTIN | CIVIL ACTION NO. 05-1898 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL PUGH, WARDEN | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a petition for writ of *habeas corpus* [Doc. No. 1] filed by Petitioner David Martin on April 4, 2005, and a Motion to Dismiss [Doc. No. 14] filed by the Government on August 15, 2005.

### I.    Procedural History

This case has a convoluted history of transfer. *See* [Doc. No. 17, pp. 1-4]. For purposes of this Ruling, the Court notes that the Government's Motion to Dismiss was filed in the Southern District of Georgia while the case was pending in that court. When the case was subsequently transferred to this Court, Petitioner's time to oppose the Motion to Dismiss had not run. After transfer, Petitioner filed no opposition memoranda.

On March 6, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 17], noting the Petitioner's failure to respond and recommending that the Court grant the Government's Motion to Dismiss and dismiss Petitioner's Petition.

On March 15, 2006, Petitioner, through counsel, filed "Objections to the Magistrate's Report and Recommendation Regarding the Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. §

1

2241" ("Objections") [Doc. No. 18]. The Government did not file a response.

Finding some points raised by Petitioner at least arguable, the Court ordered the Government to respond to Petitioner's Objections by May 24, 2006. The Government complied with the Court's order by filing its Response to Petitioner's Objections to Report and Recommendations [Doc. No. 20]. Although he had been given leave by the Court to do so, Petitioner did not file a reply memorandum.

## II.  Analysis

Petitioner raises four objections to Magistrate Judge Hayes' Report and Recommendation. First, conceding that he is no longer "in custody,"[1] Petitioner argues that this Court retains jurisdiction to conduct a habeas review under 28 U.S.C. § 2241 because he was in custody at the time his Petition was filed. Second, Petitioner argues that his petition remains ripe for review because he is subject to collateral consequences from his unknowing and involuntary guilty plea to a crime which rendered him subject to removal from the United States. Third, Petitioner argues that his claim regarding his guilty plea was properly brought pursuant to Section 2241 and should be addressed by this Court. Fourth, Petitioner argues that he is entitled to relief from deportation under the now-repealed Immigration and Nationality Act, 8 U.S.C. § 1182(c) because the conduct constituting his crime of conviction occurred prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996).[2]

Before addressing the four issues raised by Petitioner, the Court first notes that because

---

[1] Petitioner was deported on October 14, 2005. *See* [Doc. No. 20, pp. 3-4].

[2] Petitioner concedes that his guilty plea took place after IIRIRA was enacted.

2

Petitioner has been removed from the United States, any challenge to his detention pending removal is MOOT. Therefore, to the extent he sought release from detention, this portion of his Petition is DENIED, and the Government's Motion to Dismiss is GRANTED.

With regard to the first issue raised by Petitioner, the Court notes that his removal does not necessarily "conclude" a review under Section 2241, as argued by the Government. In case law prior to the enactment of the Real ID Act ("RIDA"), Pub. L. 109-13, 119 Stat. 231 (2005), the Fifth Circuit held that the removal of an alien pending review of his removal order does not deprive the court of jurisdiction over his *habeas corpus* petition. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004); *see also Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000), *rev'd on other grounds*, 121 S.Ct. 2585 (2001); *Lopez-Chavez v. Ashcroft*, 383 F.3d 650, 651-54 (7th Cir. 2004); *Rife v. Ashcroft*, 374 F.3d 606, 615 (8th Cir. 2004). The Fifth Circuit explained that "bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner." *Zalawadia*, 371 F.3d at 297.

After enactment of the RIDA, circuit courts no longer review a final order of removal as a *habeas corpus* petition under 28 U.S.C. § 2241, but continue to have jurisdiction over "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."[3] *Reyes-Gomez v. Gonzales*, No. 03-30981, 2006 WL 83367 at * 1 (5th Cir. January 13, 2006); *see also* 8 U.S.C. § 1252(b)(2)(D) (2005).

---

[3] Under § 2241, a petitioner was required to be "in custody" at the time his *habeas corpus* petition was filed. However, it does not appear that a petitioner would need to be "in custody" to seek review in the appropriate circuit court under the Real ID Act. *See DiPeppe v. Ridge*, 140 Fed Appx. 377, 380 n.9, 2005 WL 1719343 at *2 n.9 (3rd Cir. July 25, 2005) ("[B]ecause this appeal is now being treated as a petition for review, we do not need to address DiPeppe's argument that she satisfies the "in custody" requirement of 28 U.S.C. § 2241, for that inquiry is no longer relevant to our exercise of jurisdiction.").

However, as the Government correctly argues, the issues raised by Petitioner are in actuality a challenge to his underlying removal order. The RIDA divested district courts of jurisdiction to review challenges to removal orders. All *habeas corpus* challenges to removal orders pending before the district courts at the time of enactment of the RIDA on May 11, 2005,[4] must be transferred to the federal circuit court of appeal for the judicial circuit in which the immigration judge completed the removal proceedings.[5] *See* Section 106(c) of the RIDA, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("[T]he district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals . . . ."); *see also* 8 U.S.C. § 1252(a)(5). As also noted by the Government, the RIDA specifically provides subject matter jurisdiction for circuit courts to review criminally-based removal orders. 8 U.S.C. § 1252(a)(2)(D) (Created by the enactment of RIDA Section 106(a)(1)(A)(iii)).

Accordingly, while Petitioner's removal does not necessarily bar review of his final order of removal by the appropriate circuit court, this Court lacks jurisdiction to consider his claim.

## III. Conclusion

For the foregoing reasons, The Court hereby DECLINES TO ADOPT Magistrate Judge Hayes' Report and Recommendation [Doc. No. 17]. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED IN PART, and the Government's Motion to Dismiss [Doc. No. 14] is GRANTED IN PART. To the extent that Petitioner seeks review of his detention pending removal,

---

[4]Although Magistrate Judge Hayes' Report and Recommendation states that Petitioner's Petition was filed on May 23, 2005, it was actually filed in the Western District of Louisiana, Shreveport Division, on April 4, 2005. May 23, 2005, is the date the case was transferred to the Southern District of Georgia.

[5]Although the record does not clearly reflect where Petitioner's final order of removal was entered. Based upon information provided by the Government, it is the understanding of the Court that the final order was entered at Oakdale, Louisiana, within the jurisdiction of the United States Fifth Circuit Court of Appeals.

the Government's Motion to Dismiss is GRANTED, and this claim in his Petition is DISMISSED as MOOT. To the extent that Petitioner seeks review of his final order of removal, this Court lacks jurisdiction under the RIDA to consider his claims. Petitioner's remaining claims are hereby TRANSFERRED to the United States Fifth Circuit Court of Appeal for review.

MONROE, LOUISIANA, this ___23___ day of ____June____, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE